UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONGKYU KIM,<br><br>                         Plaintiff,<br><br>                           -v.-<br><br>STATE OF NEW JERSEY; BERGEN COUNTY SUPERIOR COURT, FAMILY PART; BERGEN COUNTY PROSECUTOR'S OFFICE; ANNY SCARDINO, *Director of Risk Management, Bergen County*; ANTHONY SCARDINO, *Assistant Professor, Felician University*; GORDON TOCCO, *Employee, Indiana Department of Child Services*; ELIZABETH TOCCO, *Admissions Advisor, Felician University*; SVITLANA KOSTURKO; TIM KOSTURKO; ANDREW RITENOUR; NICK RITENOUR; DR. DANIEL HAKIMI; PA SHIRA WEIN; FELICIAN UNIVERSITY; INDIANA DEPARTMENT OF CHILD SERVICES; OB/GYN & INFERTILITY SERVICES OF NORTHERN NJ, LLC; MICHAEL TOCCO; HONORABLE JACLYN V. MEDINA J.S.C.; and JOHN DOES 1-10 *(unknown members of the trafficking network)*,<br><br>                         Defendants. | 25 Civ. 8315 (KPF)<br><br>**DISMISSAL ORDER** |

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Dongkyu Kim met a woman, Alina Ogoltsova, through a social networking app in January 2023; according to Plaintiff, the two met each other in person for the first time in December 2023, and several weeks later conceived a child.[1] After several months, Ms. Ogoltsova ended the relationship and advised Plaintiff that she was considering terminating the pregnancy. In September 2024, Plaintiff filed a counseled action in the Superior Court of New

---

[1]    The factual assertions in this Order are derived from Plaintiff's Complaint and the exhibits attached to it. (*See* Dkt. #1, 12).

Jersey, Bergen County, Family Part, seeking, among other things, access to and custody of the child. The state court action was dismissed with prejudice the following month, after the presiding judge heard testimony and reviewed evidence *in camera* substantiating Ms. Ogoltsova's contention that she had terminated the pregnancy.

Plaintiff has now chosen a different tack. He has brought a *pro se* federal action in this District against at least a dozen people who are *not* Ms. Ogoltsova, including Ms. Ogoltsova's mother, her treating medical professionals, several of her neighbors and their family members, and the judge who presided over the state court action, as well as the state court in which the earlier action was brought, the local prosecutor's office, a college that employed two of the individual defendants, the Indiana Department of Child Services, and the State of New Jersey. In his Complaint, Plaintiff asserts claims "for violations of his civil rights under color of law, pursuant to 42 U.S.C. § 1983; civil remedies under the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1595; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964; and supplemental state law claims." (Dkt. #1 (Complaint) at 2). These claims all proceed from Plaintiff's contention that he is the victim of a "planned, targeted 'Get pregnant & Screw the biological father & Frame him & Snatch the baby' scheme." (*Id.*, Ex. A at 63). For the reasons set forth in the remainder of this Order, the Court dismisses the Complaint.

## APPLICABLE LAW

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson* v. *Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* plaintiff's pleadings should be "liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted); *see also Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Nonetheless, a district court has the inherent power to dismiss a case, *sua sponte* (*i.e.*, on its own motion), if it determines that the action is frivolous or that the court lacks jurisdiction over the matter, regardless of whether a plaintiff has paid the filing fee. *See Fitzgerald* v. *First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam); *see also Jean-Baptiste* v. *Westside Donut Huntington Ventures LLC*, No. 23-826, 2023 WL 8015698, at *1 (2d Cir. Nov. 20, 2023) (summary order) (affirming *sua sponte* dismissal of *pro se* complaint without prior notice to fee-paying plaintiff); *Richardson* v.

3

*Richman*, No. 25 Civ. 5155 (PKC) (MMH), 2025 WL 2962741, at *1-2 (E.D.N.Y. Oct. 21, 2025) (dismissing, *sua sponte*, case seeking to nullify family court orders); *Rolle* v. *Berkowitz*, No. 03 Civ. 7120 (DAB), 2004 WL 287678 (S.D.N.Y. Feb. 11, 2004) ("[C]ourts within the Second Circuit have not hesitated to dismiss *sua sponte* claims brought by fee-paying *pro se* plaintiffs when it is clear such claims 'present no arguably meritorious issues for [the Court's] consideration'" (quoting *Pillay* v. *INS*, 45 F.3d 14, 17 (2d Cir. 1995))).

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton* v. *Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' — that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop* v. *Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke* v. *Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless ... ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Relatedly, "failure of subject matter jurisdiction is not waivable and may be raised at any time ... by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co.* v. *Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A. Plaintiff's Claims Are Frivolous

It is clear from the face of Plaintiff's Complaint that this Court lacks subject matter jurisdiction over many of the named Defendants, including the State of New Jersey, the Bergen County Superior Court, Family Part, the Indiana Department of Child Services, the Honorable Jaclyn V. Medina, J.S.C., and the Bergen County Prosecutor's Office. *See, e.g.*, *Dean* v. *Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015) ("The Eleventh Amendment bars a damages action in federal court against a state and its officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." (citing *Fulton* v. *Goord*, 591 F.3d 37, 45 (2d Cir. 2009)); *Goonewardena* v. *New York*, 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2007) ("In addition to preventing suits against a state, sovereign immunity also extends to bar claims for monetary damages brought against state officers sued under section 1983 in their official capacities."); *Mireles* v. *Waco*, 502 U.S. 9, 12 (1991) (discussing concept of absolute judicial immunity for acts performed in a judge's official capacity); *Tapp* v. *Champagne*, 164 F. App'x 106, 107 (2d Cir. 2006) (summary order)

(affirming *sua sponte* dismissal of § 1983 claims against judges protected by absolute immunity); *Simon* v. *City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler* v. *Pachtman*, 424 U.S. 409, 430 (1976))); *Mangiafico* v. *Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) ("As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the" Government "in a way that is intimately associated with the judicial process.").

As for the remaining Defendants, the Court finds that Plaintiff's allegations are the stuff of a Hollywood thriller, but not a viable federal lawsuit. Unable to bring claims against Ms. Ogoltsova herself, Plaintiff has instead brought them against her mother, her treating medical professionals, and several of her neighbors (along with select members of their extended families and, somewhat more puzzlingly, one of their employers). What is more, unwilling to accept the reality that his child was aborted in the summer of 2024, Plaintiff has constructed a wholly fanciful alternate universe in which his child was born and immediately adopted by others in what can only be described as a "shell game" of babies — all in the service of preventing him from having a relationship with the child.

The Court has no doubt regarding the depth or the sincerity of Plaintiff's views that he was wronged in his relationship with Ms. Ogoltsova. However, a "[p]laintiff's beliefs — however strongly he may hold them — are not facts."

6

*Morren* v. *N.Y. Univ.*, No. 20 Civ. 10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, No. 20 Civ. 10802 (JPO), 2022 WL 1665013 (S.D.N.Y. May 25, 2022). The factual bases for Plaintiff's assertions of a multi-state child-trafficking conspiracy involving his former girlfriend, her mother, her medical professionals, her neighbors, their relatives, their relatives' employer, *and* state agencies in New Jersey and Indiana are attenuated to the point of being implausible. *See Lefkowitz* v. *John Wiley & Sons, Inc.*, No. 13 Civ. 6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (noting that complaint must set forth facts showing basis for information and belief); *Johnson* v. *Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, ... plaintiff must still set forth the factual basis for that belief").

Ultimately, after a careful review of all of his submissions, the Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the Court with a narrative full of details of what he believes — that Defendants have conspired to deprive him of his federally protected rights. Despite the level of detail provided, Plaintiff has pleaded no tenable factual predicate in support of his assertions. Instead, Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Khalil* v. *United States*, No. 17 Civ. 2652 (JFB), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing

7

complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

Separate and apart from its implausibility, Plaintiff's Complaint fails because it is predicated on a false fact, namely, the birth of his child with Ms. Ogoltsova. The doctrine of collateral estoppel, also referred to as issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Leather* v. *Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (internal quotation marks omitted) (quoting *Schiro* v. *Farley*, 510 U.S. 222, 232 (1994)). Collateral estoppel applies "when an issue was necessarily and conclusively determined in a prior proceeding and the party to be bound had a full and fair opportunity to litigate the issue." *Sassower* v. *Abrams*, 833 F. Supp. 253, 264-65 (S.D.N.Y. 1993).

Courts in this Circuit apply the law of the jurisdiction in which the earlier action took place to determine whether that earlier action has preclusive effect on claims or issues. *See Anderson News, L.L.C.* v. *Am. Media, Inc.*, 680 F.3d 162, 191 (2d Cir. 2012) ("[I]n order to determine the preclusive effect of a state-court decision, a federal court must look to the law of that state and should not give the state-court decision any greater preclusive effect than the courts of that state would give it[.]"); *see also Owens* v. *Treder*, 873 F.2d 604, 607 (2d Cir. 1989) ("The federal court must ... apply the collateral estoppel

rules of the state which rendered the judgment."). This Court therefore considers the preclusion law of New Jersey, where

> a prior judgment has issue-preclusive effect if: (1) the issue presented in the second action is identical or substantially similar to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to, or in privity with a party to, the earlier proceeding.

*Sanders* v. *Sanders*, No. 22-99, 2022 WL 16984681, at *2 (2d Cir. Nov. 17, 2022) (summary order) (citing *First Union Nat'l Bank* v. *Penn Salem Marina, Inc.*, 190 N.J. 342, 352-54 (2007); *Olivieri* v. *Y.M.F. Carpet, Inc.*, 186 N.J. 511, 521 (2006)).

All of those factors are satisfied here. The issue of the existence of Plaintiff's child was critical to his New Jersey lawsuit, which, among other forms of relief, sought access to and custody of the child. *See* Verified Complaint, *Kim* v. *Ogoltsova*, No. FD-02-000323-25 (N.J. Sup. Ct. Sept. 19, 2024).[2] Ms. Ogoltsova presented evidence of the termination of the pregnancy from her obstetrician and from the clinic at which the procedure was performed; she also testified under oath that she did not "give birth to a live

---

[2]   Though Plaintiff did not include a copy of the Verified Complaint among his exhibits, the Court may consider it in the issue-preclusion analysis. "[I]n resolving motions based on issue preclusion, courts are permitted to take judicial notice of judgments and filings in related litigation, as long as they look to such documents to determine the scope of what was previously litigated and decided, not as evidence of the relevant events discussed therein." *Sanders* v. *Sanders*, No. 22-99, 2022 WL 16984681, at *1 (2d Cir. Nov. 17, 2022) (summary order) (citations omitted).

9

child." (Complaint, Ex. O at 4). Mr. Kim did not cross-examine Ms. Ogoltsova and did not present any contradictory evidence during the state court proceeding. (*Id.* at 3-5). The state court judge expressly found that, in the absence of a child, Mr. Kim lacked standing to bring his case and dismissed it with prejudice. (*Id.* at 4). In consequence, Mr. Kim is now precluded from bringing claims predicated on the existence of his child.

**B.    The Court Denies Plaintiff Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill* v. *Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's Complaint does not suggest that he is in possession of facts that would cure the deficiencies identified above. *See Gallop*, 642 F.3d at 369 (finding that district court did not err in dismissing claim with prejudice in the absence of any indication that plaintiff could or would provide additional allegations leading to different result); *Fischman* v. *Mitsubishi Chem. Holdings Am., Inc.*, No. 18 Civ. 8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's Complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous.

## CONCLUSION

The Court understands why Plaintiff may have felt it necessary to bring this lawsuit. However, on this record, the Court will not allow him to summon 18 or more Defendants, from multiple states and multiple walks of life, into this District to litigate civil claims predicated on a demonstrably false premise.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   October 28, 2025
         New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge