UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONGKYU KIM,

                          Plaintiff,

                        -v.-

STATE OF NEW JERSEY; BERGEN COUNTY
SUPERIOR COURT, FAMILY PART; BERGEN
COUNTY PROSECUTOR'S OFFICE; ANNY
SCARDINO, *Director of Risk Management, Bergen
County*; ANTHONY SCARDINO, *Assistant
Professor, Felician University*; GORDON TOCCO,
*Employee, Indiana Department of Child Services*;
ELIZABETH TOCCO, *Admissions Advisor, Felician
University*; SVITLANA KOSTURKO; TIM
KOSTURKO; ANDREW RITENOUR; NICK
RITENOUR; DR. DANIEL HAKIMI; PA SHIRA
WEIN; FELICIAN UNIVERSITY; INDIANA
DEPARTMENT OF CHILD SERVICES; OB/GYN &
INFERTILITY SERVICES OF NORTHERN NJ, LLC;
MICHAEL TOCCO; HONORABLE JACLYN V.
MEDINA J.S.C.; and JOHN DOES 1-10 *(unknown
members of the trafficking network)*,

                        Defendants.

25 Civ. 8315 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On October 6, 2025, Plaintiff Dongkyu Kim brought this action against at
least 18 defendants alleging "violations of his civil rights under color of law,
pursuant to 42 U.S.C. § 1983; civil remedies under the Trafficking Victims
Protection Act (TVPA), 18 U.S.C. § 1595; the Racketeer Influenced and Corrupt
Organizations Act (RICO), 18 U.S.C. § 1964; and supplemental state law
claims." (Dkt. #1 (Complaint) at 2). These claims stem from Plaintiff's
contention that he is the victim of a "planned, targeted 'Get pregnant & Screw
the biological father & Frame him & Snatch the baby' scheme." (*Id.*, Ex. A at

63). Specifically, Mr. Kim alleges that a woman with whom he conceived a child, Alina Ogoltsova, lied about terminating the pregnancy and instead gave birth to, and subsequently trafficked, Mr. Kim's child.

On October 28, 2025, the Court dismissed Plaintiff's complaint. (Dkt. #13). It provided multiple justifications. *First*, the Court explained that it lacked subject matter jurisdiction over many of the named Defendants. (*Id.* at 5-6). *Second*, and more importantly, the Court noted that Plaintiff had already filed a counseled action in New Jersey state court, and that action was dismissed with prejudice after the presiding judge heard testimony and reviewed evidence *in camera* substantiating Ms. Ogoltsova's contention that she terminated the pregnancy. (*Id.* at 1-2). As such, collateral estoppel barred Mr. Kim from arguing here that Ms. Ogoltsova gave birth to the child. (*Id.* at 8-10). *Third*, notwithstanding collateral estoppel, the Court found Plaintiff's claims to be irrational and to lack any plausible factual support. (*Id.* at 7-8). Notably, Mr. Kim produced no evidence that Ms. Ogoltsova gave birth to a child.

The day after the Court issued its ruling, Mr. Kim filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and for leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2). (Dkt. #14). For the reasons set forth below, that motion is DENIED.

"A court may grant a Rule 59(e) motion 'only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Metzler Inv. Gmbh* v. *Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142-43 (2d Cir. 2020) (alteration

adopted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).  A Rule 59(e) motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  This is an intentionally strict standard:  "Reconsideration of a prior order under Rule 59(e) is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  *U.S. Sec. & Exch. Comm'n* v. *Collector's Coffee Inc.*, No. 19 Civ. 4355 (VM), 2025 WL 1068751, at *1 (S.D.N.Y. Apr. 9, 2025) (quoting *Sikhs for Just.* v. *Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)).

In support of his motion, Mr. Kim points to two new pieces of evidence. He first submits screenshots from a TikTok allegedly featuring Ms. Ogoltsova. He claims that the TikTok, which was posted after the alleged abortion, shows a "high visual probability of pregnancy" and was posted when Ms. Ogoltsova was at "approximately 32-36 weeks gestation."  (Dkt. #14 at 2-3; *see also* Dkt. #14-2).  Mr. Kim then submits evidence of alleged "inaction" by local authorities after Mr. Kim asked them to investigate his case. (Dkt. #14 at 3; *see also* Dkt. #14-1).

But there is one key problem in the evidence that Mr. Kim newly presents:  Ms. Ogoltsova patently does not appear eight-to-nine months pregnant in the TikTok Mr. Kim provides.  (*See* Dkt. #14-2).  That explains the

alleged "inaction" by local authorities demonstrated in his second proffered piece of evidence, the police report. (Dkt. #14 at 3; *see also* Dkt. #14-1). Far from "alter[ing] the conclusion reached by the court," *Shrader*, 70 F.3d at 257, the new evidence confirms the Court's earlier ruling.

In addition to providing new evidence, Mr. Kim argues that the Court overlooked previously submitted evidence and misapplied the doctrine of collateral estoppel. (*Id.* at 6-7). But there has been no "intervening change of controlling law," and the Court sees no "clear error" in its prior decision. *Metzler Inv. Gmbh*, 970 F.3d at 142 (internal quotation marks omitted) (quoting *YLL Irrevocable Trust*, 729 F.3d at 104).

Therefore, Mr. Kim's motion for reconsideration is DENIED. Given this outcome, the Court further DENIES Mr. Kim's motion for leave to amend for the reasons stated in its October 28, 2025 Order. (*See* Dkt. #13 at 10).

SO ORDERED.

Dated:    December 11, 2025
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

4